**ANSCO PHOTO PRODUCTS, Inc., v. CLARK, Collector of Internal Revenue.**

District Court, N. D. New York. June 18, 1929.

Brodek, Raphael & Eisner, of New York City (Charles A. Brodek, of New York City, of counsel), for plaintiff.

O. D. Burden, U. S. Atty., of Syracuse, N. Y. (R. W. Wilson, General Counsel for Bureau of Internal Revenue, of Washington, D. C., and B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y., of counsel), for defendant.

BRYANT, District Judge. This action is brought to recover $17,529.99, the amount of taxes plaintiff contends were illegally assessed for the years 1914 and 1916. There

is not any dispute over the amount, nor is there any dispute over the procedure taken by plaintiff in connection with the items in question. The sole question is whether certain deductions made by plaintiff from income are allowable as deductions.

In 1898 letters patent were issued to one Hannibal Goodwin for a photographic pellicle, commonly known as a photographic film, and the process of producing the same. In 1898 the patent was assigned to the Goodwin Film & Camera Company. The patent expired in 1915 and it was never assigned or transferred by said Goodwin Company. In 1902 the Goodwin Film & Camera Company commenced suit for alleged infringement against the Eastman Kodak Company and then later against other persons. The Goodwin Film & Camera Company encountered difficulties, and for a number of years was under the management and control of different companies and persons; the last being the Ansco Company, the predecessor of plaintiff. The various contracts under which the corporation was operated, while interesting as showing the history of the company, have no bearing on the question at issue here. In 1910 the Ansco Company, the predecessor of plaintiff, purchased all of the outstanding stock of the Goodwin Film & Camera Company. It paid for said stock by issuing to the stockholders of the Goodwin Company one share of the Ansco Company common stock for each four shares of the Goodwin Company stock, and in addition, as a part consideration, agreed to pay and take up certain obligations of the Goodwin Film & Camera Company, thereby relieving the stockholders of the Goodwin Company from personal liability thereon, and also agreed to pay to the stockholders of the Goodwin Film & Camera Company one-third of the whole net recovery of damages or profits which might result from the rights of action against the Eastman Kodak Company then being litigated; said one-third to be distributed to the various stockholders in proportion to their respective holdings of stock at said time.

The Ansco Company, in pursuance of the terms of purchase, took up $272,000 of the indebtedness of the Goodwin Film & Camera Company. The Goodwin Company then became the debtor of the Ansco Company for that amount. On or about April 29, 1910, the Goodwin Film & Camera Company, in consideration of the payment by Ansco Company of the $272,000 of its indebtedness, agreed to pay unto the former stockholders of the Goodwin Company, in proportion to their holdings of stock, one-third of the whole net recovery of damages or profits which might result from the suits for infringements then being litigated by the Goodwin Film & Camera Company. In other words, the Goodwin Film & Camera Company, as a consideration for the payment of its notes, assumed the liability of the Ansco Company to the former stockholders and became liable for the undetermined amount. The infringement suits were terminated by the payment to the Goodwin Film & Camera Company of $5,180,000. After deducting expenses there remained $1,530,000 which belonged, or which had to be paid, to the former stockholders of the Goodwin Company. The obligation to pay this amount was an obligation of the Goodwin Company. It was a liability created by its agreement with the Ansco Company dated April 29, 1910. Instead of paying this amount, as by said agreement it was obligated to do, it paid the full amount in the form of dividends to the Ansco Company, the holder of all the Goodwin stock. The Ansco Company then paid said amount to the former stockholders. In its income tax returns it listed as income the full payments received from the Goodwin Company in the form of dividends and then deducted as an expenditure the amounts paid out to the former stockholders as above stated. Income tax was paid upon this basis, and later the government made an additional assessment, claiming that the amounts paid as above stated were not allowable as deductions. The additional taxes were paid under protest, and this action is brought to recover same. The Ansco Photo Products, Inc., the plaintiff, is the successor of the Ansco Company, and there is not any question but that it stands in the exact position of its predecessor.

The government contends that the $1,530,000 paid by the Ansco Company, or Ansco Photo Products, Inc., to the former stockholders of the Goodwin Film & Camera Company, was a capital transaction; that the amount represented the unpaid balance of the purchase price of said stock; and that it was not allowable as an expense or a deduction. This would be correct if we could eliminate the agreement of April 29, 1910, whereby the Goodwin Film & Camera Company, for good consideration, promised and agreed to pay said amount. The Goodwin Film & Camera Company owned the patent over which litigation for infringement was being had. Prior to April 29, 1910, it was not under any obligation to pay over one-third of the amount to former or present stockholders. In fact, it could not have done so legally ex-

cept in the form of dividends. April 29, 1910, it paid $272,000 of its debts by assuming this obligation. The amount, although undetermined, became a liability against the company and a liability which the company was obligated to pay out of the proceeds of the recovery or other profits and surplus of the corporation. Instead of fulfilling its obligation, it transferred all of said funds by means of dividends to the Ansco Company. This it should not have done, as that one-third belonged to the former stockholders rather than the Ansco Company. The error was corrected by the Ansco Company paying over to the former stockholders the amount which the Goodwin Film & Camera Company should have paid direct. The Ansco Company, being the sole stockholder of the Goodwin Company and having received as dividends funds which did not belong to it, perhaps, if following strict accounting methods, should have returned the amount to the Goodwin Company rather than have paid it to the former stockholders, but it should not be penalized even though its method was irregular. The money did not belong to it, and immediately upon its receipt, or soon thereafter, was paid out. The Ansco Company, therefore, stood in the same financial condition as though the amount had been paid by the Goodwin Company, as it should have been. Under all the circumstances, the plaintiff should not be required to pay a tax upon said amount, and having paid under compulsion, the amount, with interest, should now be returned.

Findings may be drawn accordingly and presented upon notice.